UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN R. MOTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-CV-774 JD |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On November 16, 2016, Plaintiff John Motts filed a complaint in this Court seeking review of the final decision of the Defendant Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. [DE 1] The matter is fully briefed and ripe for review. For the reasons stated below, the Court will remand this matter to the Commissioner for further proceedings.

**FACTUAL BACKGROUND**

Motts filed his initial applications for benefits alleging disability beginning March 7, 2013, due to several issues: lumbar spine scoliosis; degenerative disc disease; and a cognitive disorder resulting from a traumatic brain injury. His application was denied initially, on reconsideration, and following an administrative hearing in April 2015, at which he was represented by counsel. At that hearing, the ALJ heard testimony from Motts, Motts's sister Carol Jo Rowland, and vocational expert Bonnie Martindale. The ALJ found that Motts had some severe physical impairments but could still perform certain jobs available in the national and regional economy, and he was therefore not disabled within the meaning of the Act. *See* 20

1

C.F.R. § 416.920(g). The Appeals Council denied review of the ALJ decision, making the ALJ's decision the final determination of the Commissioner.

## STANDARD OF REVIEW

This Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

In this substantial-evidence determination, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to the ALJ's findings. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001). Consequently, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539. While the ALJ is not required to address every piece of evidence or testimony presented, the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

# DISCUSSION

Disability insurance benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step sequential evaluation process to be used in determining whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4)(i)-(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the community.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, disability is acknowledged by the Commissioner. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a Listing is not met or equaled, then in between steps three and four, the ALJ then assesses the claimant's residual functional capacity, which, in turn, is used to determine whether the claimant can perform his past work under step four and whether the claimant can perform other work in society at step five of the analysis. 20 C.F.R. § 404.1520(e). The claimant has the initial burden of proof at steps one through four, while the burden shifts to the Commissioner at step five to show that there are

a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

Here, Motts argues that the ALJ erred in multiple respects. He first argues that the ALJ erred at step two by finding that his only severe impairments were degenerative disc disease and scoliosis of the lumbar spine, instead of also including alleged cognitive deficits stemming from a head injury and resulting encephalomalacia.[1] Motts further argues that the ALJ failed to base his RFC on sufficient evidence by not taking into account his right leg atrophy, nerve damage, and objective functional limitations. Lastly, he argues that the ALJ improperly assessed his credibility.[2] While in many respects the ALJ drafted a well-reasoned opinion and generally supported his findings with evidence from the record, the Court must reverse and remand because the ALJ failed to discuss – or even reference – evidence of Motts's additional postural limitations, namely that he could not stoop and squat. (R. 538).

Dr. Gupta, a consultative examiner, evaluated Motts on September 7, 2013. (R. 535-41). Dr. Gupta found that Motts "is unable to stoop and squat." (R. 538). Motts argues that the ALJ failed to consider these limitations, thereby rendering his RFC flawed. [DE 14 at 10] In making a proper RFC determination, the ALJ must consider *all* of the relevant evidence in the record, *even*

---

[1] Motts's argument here is misplaced in focusing on step two. Step two is merely a threshold at which an ALJ determines whether the claimant has at least one medically determinable impairment that is severe. If not, the analysis ends and the claimant is not deemed disabled. If so, the ALJ proceeds to the next steps, at which point the analysis is not cabined by how many severe impairments a claimant has. Thus, so long as a claimant satisfies this threshold inquiry, the question is only whether the ALJ properly applied the latter steps. *Curvin v. Colvin*, 778 F.3d 645, 649–50 (7th Cir. 2015); *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012) ("Deciding whether impairments are severe at Step 2 is a threshold issue only; an ALJ must continue on to the remaining steps of the evaluation process as long as there exists even one severe impairment."). Motts's argument would thus be better directed at whether the ALJ properly accounted for his limitations in the RFC finding (which must incorporate all limitations, whether severe or not) in connection with steps four and five.

[2] The Court need not address Motts's credibility arguments due to the fatal flaws in the ALJ's decision discussed herein. He is of course free to pursue those arguments on remand, even though the ALJ's credibility assessment appears sound.

*as to limitations that are not severe*. *Murphy v. Colvin*,759 F.3d 811, 817 (7th Cir. 2014) (emphasis added citation omitted). An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to her findings. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003); *Zurawski*, 245 F.3d at 888. Nevertheless, an ALJ need not provide a written evaluation of every piece of testimony and evidence. *Golembiewski*, 322 F.3d at 917. Instead, an ALJ need only minimally articulate his justification for accepting or rejecting specific evidence of disability. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008); *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004).

> The ALJ assigned Motts the following RFC:
>
> [C]laimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except the claimant can only occasionally climb ramps and stairs, or ladders and scaffolds. The claimant can frequently balance, stoop, knee, crouch, and crawl.

(R. 18). So, the ALJ determined that Motts can frequently stoop, but nowhere does the ALJ explain how he reached this finding in the face of evidence from Dr. Gupta that Motts could not perform this function. In fact, the ALJ does not mention Dr. Gupta's examination *at all* in his opinion. He therefore does not provide the necessary "logical bridge" explaining the leap from the medical record to his conclusion that Motts can frequently stoop. *Terry*, 580 F.3d at 475. An ALJ must consider the entire record and cannot selectively ignore the entire report of an examining physician without explanation, especially where that report contains limitations that would otherwise cut against the RFC determination. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009); *see also Craft*, 539 F.3d at 677-78 (ALJ's RFC determination failed to build logical bridge between evidence and limitations where ALJ failed altogether to mention physician's report that contained evidence of limitations critical to the RFC analysis).

In its response brief, the government avoids the issue of whether Motts can stoop, and instead implies that the ALJ broadly considered Dr. Gupta's report (which would of course include Motts's stoop and squat limitations) because the state agency reviewing physicians had access to it. [DE 19 at 8] (R. 97, 106, 118, 128). Thus, according to the government, because the reviewing physicians found that Motts can perform medium work, then the ALJ sufficiently supported his RFC by relying on the reviewing physicians' findings. (R. 21). This defense fails. The ALJ's reliance on the reviewers' findings does not fill the gap in his logic; even though the reviewers had access to Dr. Gupta's examination results, their reports, like the ALJ's opinion, contain no explanation of why or how they came to the conclusion that Motts can frequently stoop. (R. 102, 111, 123, 133).

While the Court realizes that an ALJ need not discuss every piece of evidence in the record in rendering his decision, the ALJ cannot "cherry-pick" facts that support a finding of non-disability while ignoring evidence that points to a disability finding. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). The ALJ's exclusion of Motts's inability to stoop or squat is particularly significant given his finding that Motts can perform medium work. SSR 83-14 defines stooping as "bending the body downward and forward by bending the spine at the waist." With respect to the functional limitation concerning the ability to stoop, SSR 85-15 notes that for most medium jobs, "a person must be able to stoop frequently (from one-third to two-thirds of the time); inability to do so would substantially affect the more strenuous portion of the occupational base." Central in requiring frequent stooping for medium jobs are "the positions of objects to be lifted, the amounts of weights to be moved, and the required repetitions." SSR 83-14.

"Some stooping … is required to do almost any kind of work…." SSR 85-15; POMS DI 25020.005. By failing to consider Dr. Gupta's finding that Motts is *unable* to stoop – or at least explain why to discount it – the ALJ picked over a critical fact in order to craft his RFC and eventual conclusion. This warrants reversal and constitutes the very type of cherry-picking *Denton* prohibits. *See* 596 F.3d at 425.

## CONCLUSION

For the reasons stated herein, the Court hereby **REVERSES** the Commissioner's decision and **REMANDS** this matter to the Commissioner for further proceedings consistent with this opinion.

SO ORDERED.

ENTERED: March 8, 2018

                                                         /s/ JON E. DEGUILIO
                                                         Judge
                                                         United States District Court